IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RENEE ANDRE STEPHENS,

        Plaintiff,                      No.  03:15-cv-00709-HZ

     v.

OREGON DRIVER & MOTOR VEHICLE
SERVICES DIVISION (DMV), a Division of the
Oregon State Department of Transportation,     OPINION & ORDER

        Defendant.

Renee A. Stephens
7135 SW 54th Avenue
Portland, Oregon 97219

     Plaintiff Pro Se

HERNANDEZ, District Judge:

     Pro se plaintiff Renee Andre Stephens brings this action against the Oregon Driver and Motor Vehicles Division (DMV).  Plaintiff moves to proceed *in forma pauperis*.  Because Plaintiff has no appreciable income or assets, I grant the motion.  However, for the reasons

1 - OPINION & ORDER

explained below, I dismiss the Complaint.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

(A) the allegation of poverty is untrue; or

(B) the action or appeal–
 (i) is frivolous or malicious;
 (ii) fails to state a claim on which relief may be granted; or
 (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); see also Neitzke v. Williams, 490 U.S. 319, 324 (1989) (sua sponte dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); Lopez v. Smith, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates).

## DISCUSSION

I. Allegations

Plaintiff alleges that the DMV suspended his driver's license in January 2015 after determining that Plaintiff had supplied the DMV with false information. Compl. at p. 3. Although not entirely clear, it appears that Plaintiff contends that the information relied on was not false but was purposefully tampered with by the DMV. Id. Plaintiff contends that he has suffered the loss of his driving privileges as a United States citizen due to "fraud at the DMV" and that the "DMV has betrayed a public trust by tampering with an official record." Id.

The asserted basis for federal court jurisdiction is the Fourteenth Amendment of the

explained below, I dismiss the Complaint.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

(A) the allegation of poverty is untrue; or

(B) the action or appeal–
 (i) is frivolous or malicious;
 (ii) fails to state a claim on which relief may be granted; or
 (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); see also Neitzke v. Williams, 490 U.S. 319, 324 (1989) (sua sponte dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); Lopez v. Smith, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates).

## DISCUSSION

I. Allegations

Plaintiff alleges that the DMV suspended his driver's license in January 2015 after determining that Plaintiff had supplied the DMV with false information. Compl. at p. 3. Although not entirely clear, it appears that Plaintiff contends that the information relied on was not false but was purposefully tampered with by the DMV. Id. Plaintiff contends that he has suffered the loss of his driving privileges as a United States citizen due to "fraud at the DMV" and that the "DMV has betrayed a public trust by tampering with an official record." Id.

The asserted basis for federal court jurisdiction is the Fourteenth Amendment of the

United States Constitution and 18 U.S.C. § 1028. Id.  As relief, Plaintiff requests that this Court empanel a grand jury to investigate the DMV's potential violations of 18 U.S.C. § 1028. Id. at 5.

II. Discussion

I interpret the Complaint as attempting to bring a claim under 42 U.S.C. § 1983 for an alleged due process violation under the Fourteenth Amendment.  Although Plaintiff does not mention the due process clause, his allegation that he has been deprived of a driver's license suggests that the due process clause is the appropriate basis for his claim.  Plaintiff does not cite to section 1983, but because that statute supplies the cause of action for an alleged federal constitutional violation, Gonzaga University v. Doe, 536 U.S. 273, 285 (2002), I construe the Complaint as incorporating it.  I further interpret the Complaint as attempting to bring a claim under 18 U.S.C. § 1028, a federal criminal statute providing for fines or imprisonment or both for certain fraudulent conduct in connection with identification documents.

With this understanding of Plaintiff's claims, I dismiss the Complaint.  The Eleventh Amendment bars a citizen from bringing suit against a state, or state agency or department, in federal court.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Micomonaco v. Wash., 45 F.3d 316, 319 (9th Cir. 1995).  Thus, any claims against the DMV, the only named Defendant, are barred.

Even if Plaintiff were to name an individual DMV employee in an amended complaint, the claims could not survive.  The same Eleventh Amendment immunity that applies to a state "also shields state officials from official capacity suits." Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010).  Although a plaintiff may seek "prospective declaratory or injunctive relief against state officers in their official capacities," Los

3 - OPINION & ORDER

Angeles County Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir. 1992), Plaintiff does not seek declaratory or injunctive relief. Instead, he requests that the Court empanel a grand jury to investigate possible criminal violations by the DMV. Thus, even if Plaintiff were to name an individual employee as a Defendant, the relief he seeks is barred by Eleventh Amendment immunity. Further, because criminal statues do not give rise to any civil liability, Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006), an allegation that the DMV's violation of section 1028 somehow violated Plaintiff's due process rights does not state a claim.

Finally, I interpret Plaintiff's request that this Court "empanel" a grand jury as a request that the Court order a grand jury investigation into the DMV's conduct. That authority, however, rests with the executive branch, not this Court. See United States v. Conces, No. 1:05-CV-739, 2006 WL 356929, at *4 (W.D. Mich. Feb. 15, 2006) (denying "request for a grand jury" because the court lacked the power to initiate a grand jury investigation into the defendant's claim of fraud) (citing Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) ("[T]he decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion"; Bonner v. Family Independence Agency, No. 04-74574, at *8 (E.D. Mich. Dec. 20, 2005) ("This court cannot initiate a grand jury investigation. Such decisions rest entirely with the executive branch, namely, the United States Attorney").

/ / /

/ / /

/ / /

/ / /

/ / /


CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* [1] is granted. The Complaint is dismissed with prejudice.

IT IS SO ORDERED.

Dated this \_\_9\_\_ day of \_\_May\_\_, 2015

_____
Marco A. Hernandez
United States District Judge

5 - OPINION & ORDER